**Ronald Lawrence WINNER, Petitioner,**

v.

**C. C. PEYTON, etc., Respondent.**

Civ. A. No. 4638–M.

United States District Court
E. D. Virginia,
at Alexandria.

May 2, 1968.

Ronald Lawrence Winner, pro se.

Overton P. Pollard, Asst. Atty. Gen. of Virginia, Richmond, for respondent.

## ORDER

OREN R. LEWIS, District Judge.

Ronald Lawrence Winner, a prisoner in the Virginia State Penitentiary, has petitioned this Court in forma pauperis for a writ of habeas corpus. He attacks his conviction, upon his plea of guilty, in December 1966 in the Circuit Court of the City of Fredericksburg of grand larceny and statutory burglary, and subsequent sentences totaling eight years. This Court has had the benefit of the state court record in this case, including the trial transcript, and that record is hereby incorporated into and made a part of the record in this action.

Winner's grievance is really two-fold. He complains of (1) ineffective assistance of counsel, specifically a refusal to cross-examine the prosecuting witness and refusal to move to suppress certain evidence; and (2) admission into evidence, over Winner's objection, of his pre-sentence report. The first ground was presented to the Supreme Court of Appeals of Virginia in the petition for a writ of error which was refused in June 1967. The second ground is raised in this court for the first time. No habeas corpus relief in the state courts has been sought.

Clearly the available state remedies have not been exhausted and this Court will decline to exercise its jurisdiction until that has been done. 28 U.S.C. § 2254. As to the first ground of relief urged by Winner, though this ground was raised on direct appeal to the Supreme Court of Appeals of Virginia, he must present this collaterally in the Circuit Court of the City of Fredericksburg by way of a petition for habeas corpus relief. Denial of relief on the direct appeal does not mean that consideration of his contention is foreclosed in the state courts. As the court said in Ganger v. Peyton, 379 F.2d 709, 710 (4th Cir. 1967), "Seldom does the ineffectiveness of counsel appear on the face of the trial record without the necessity of developing the facts in respect to counsel's conduct in a supplemental proceeding."

As to the second ground of relief urged by Winner, this is the first forum in which he has raised it. The state courts must first have an opportunity to pass on it. "One court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter." Fay v. Noia, 372 U.S. 391, 420, 83 S.Ct. 822, 839, 9 L.Ed.2d 837 (1963).

For failure to exhaust state remedies available to the petitioner, it is hereby

Ordered that the petition be, and it hereby is, dismissed.